COURT OF APPEALS OF WEST VIRGINIA. 11

July Term, Hyre vs. Hoover and Jones. 1868.

# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

*_Absent, HARRISON, J.

## PETER J. HYRE _vs._ WILLIAM HOOVER AND J. M. JONES.

### July Term, 1868.

1. If a complainant in a bill of injunction that is at rules, appears in term by counsel and contests a demurrer, he thereby waives the right of notice, if any was necessary.

2. Where a bill of injunction is improvidently awarded because there is no ground of equitable relief charged in the bill, it may be dissolved on motion without answer, and it is not error to dissolve it on a demurrer.

3. If a court of equity dissolve an injunction granted to restrain a trustee from selling property, it cannot retain the cause for the purpose of ordering a sale under its own supervision.

. Peter J. Hyre obtained an injunction from the judge of the circuit court of Pendleton county in May, 1866, staying the sale of a certain tract of land by John M. Jones, trustee. The bill alleged that in March, 1860, the complainant executed a trust deed to Jones to secure a sum due to one William Hoover in a certain tract of land in the county of Pendleton, and also conveyed certain personal estate to the trustee, providing that if the sum due was not paid on or before the 5th day of August, 1861, that the trustee should sell the property conveyed, or so much as might be sufficient to pay it off, after thirty days' notice; that the debt was not paid when it was due, and that afterwards, in July, 1863, the complainant requested the trustee to sell the property and pay off the debt; that the trustee refused to do so because he was conniving, as the complainant alleged, with Hoover to find him at some future time without sufficient personal property to satisfy the debt. He further alleged that

* See page 1.

12    COURT OF APPEALS OF WEST VIRGINIA.

July Term,    Hyre vs. Hoover and Jones.    1868.

he afterwards offered the personal property and the land to the said Hoover and requested sale of the same, and that Hoover refused the personal property and also to permit the sale to be made; that he gave notice and sold the personal property himself, at which sale Jones and Hoover were present and offered no objections thereto, and that after the sale he offered to pay Hoover his indebtedness but he refused to receive it. He alleged finally, that the trustee had advertised the property, of which nothing but the land remained, to be sold on the 26th day of May, 1866, and which sale would, owing to the state of money affairs then, bring great sacrifice to him in the price. He asked that the trustee be restrained from making the sale, and that such other relief be granted as might seem proper. The complainant gave bond on the 24th day of May, 1866. He subsequently filed an amended bill at May rules, 1867, making Jones and Hoover parties to the bill, which had not been done by the original bill. The defendants were duly summoned. At the succeeding rules the bill was taken for confessed, unless they should appear at the next rules and answer. Before the expiration of the rules at which the defendants were to answer, the circuit court of the county was in session and the defendants appeared in court and demurred to the bill, and asked that the injunction be dissolved; and after considering the bill and exhibits, and the demurrer, and after hearing counsel in opposition to the defendant's motion, the court ordered that the injunction be dissolved.

*Joseph Sprigg* for the appellant.

The following argument was filed by appellee Hoover:

The facts of this cause as presented by the record are simply these:

Up to the 15th of March, 1860, the appellant Hyre had borrowed of the appellee Hoover the sum of 1,419 dollars and 70 cents, and on that day executed a deed of trust on a tract of land and some personal estate to secure its payment. The deed to Jones, the trustee, provided that if the money was not paid by the 5th of August, 1861, the trustee should

sell the property, on thirty days notice, at the request of either party and pay the debt. The debt not being paid in the year 1866, the trustee advertises the sale of the land (the only property left), and the appellant obtains an injunction to the sale.

The bill states that about July, 1863, (when there was no circulation in Pendleton but Confederate treasury notes) the appellant Hyre called upon the trustee to sell under the trust deed, but that he refused to do so; that the appellant then offered all the property in the deed to Hoover in payment of the debt and he refused it, whereupon the appellant sold the *personal estate* (*for Confederate money*, of course,) and offered to pay Hoover his debt which he refused to receive.

Now is there anything in this state of facts to justify the injunction granted to the appellant? The appellant takes the case in his own hands, sells a large portion of the trust property, converts the proceeds to his own use, not paying one cent of the debt. No trust can fail for the want of a trustee, and if the trustee had improperly refused to sell, a court of equity would have granted a remedy, but it must be remembered that at that time (July, 1863,) a stay law existed both in Virginia and West Virginia prohibiting any such sale. And even if the appellant had *tendered* to Hoover his debt, in good money, (which is not alleged in the bill), that part would not justify the injunction awarded in this cause. *Shumaker* vs. *Nichols*, 6 Grat., 592. Thus it is apparent that there is no equity in the bill and the injunction was improvidently awarded. But the appellant's counsel argues that as the case was at rules. it was error to permit a demurrer to be filed and to dissolve the injunction. Courts of equity are always open to grant and to reinstate injunctions and to dissolve those improvidently awarded. This cause stands alone upon the bill and if the bill does not present a case for relief in equity there is no necessity for an answer or demurrer; a motion to dissolve the injunction is all that is necessary. 2 Tucker p. 488; 4 Johnson's Ch. Rep., 173; Hilliard on Injunctions, 83 and 84; 3 Green's Ch. Rep., 222; 5 Howard's Miss. Rep., 43; *Slack* vs.

*Wood*, 9 Grat., 43; *Baltimore and Ohio Railroad* vs. *City of Wheeling*, 13 Grat., 62; *Radford's Ex'r* vs. *Innes' Ex'r*, 1 H. & M., 8.

If it was right to dissolve the injunction for want of equity on the face of the bill, the fact that there was a demurrer cannot make it wrong. 13 Grat., 62; *Goddin* vs. *Vaughan, &c.*, 14 Grat., 103. This is simply a *dissolution of an injunction*, not a *dismissal of the bill*.

It will also be observed that while the injunction was awarded in May, 1866, the real defendant, Hoover, was not made a party until May, 1867, a want of diligence prejudicial to his case: 2 Johnson's Ch. Rep., 148: See also 2 Rob. Practice, title "Injunction." Thus stands the case upon the record.

But it is said that as the case was not in court the court should have retained it, and had the trust executed under its own supervision. If this is law there is no use for parties to make contracts or execute deeds of trust, and it would repeal the statute on that subject. There are some cases in which a court of equity *having jurisdiction of a cause upon proper grounds* will retain it, as in *Billups* vs. *Spears, &c.*, 5 Grat., 31, and in 6 Grat., 174, but to retain a cause of which the court has no jurisdiction, and which it would be bound to dismiss at the hearing, is too absurd for argument. See also *Beckley* vs. *Palmer*, 11 Grat., 625, and *Goddin* vs. *Vaughan, &c.*, 14 Grat., 103.

MAXWELL, J. The appellant applied to the judge of the circuit court of Pendleton county, in vacation, for and obtained an order for an injunction to restrain the defendant Jones, as trustee, from selling certain lands which had been conveyed by Hyre to the said trustee to secure to Hoover the payment of a certain debt specified in the trust. The order for the injunction is without date, but the endorsement of the clerk on the bill, showing that the bond was executed, is dated May 24th, 1866. No further proceeding seems to have been had in the matter until May rules, in the year 1867, when the complainant amended his bill, and

made Hoover and Jones defendants to the bill, neither of whom had been parties before that time. At the same rules at which the bill was so amended, process was awarded against the defendants to answer the bill, returnable to the then next rules, at which time the said process was returned executed on the defendants. The defendants failed to appear and the complainant's bill was taken for confessed unless the defendants should appear and file their answer at the then next rules. Before the expiration of the rule on the defendants to answer, the circuit court of Pendleton county was in session, and while the case was at rules the defendants appeared in the said court and filed their demurrer to the said bill and asked that the injunction be dissolved, which was done. From the order dissolving the injunction the complainant Hyre has appealed to this court.

The first cause assigned as error is that it was improper for the court to entertain a demurrer to the bill and to dissolve the injunction, while the case was at rules, without notice to the complainant.

In this case it appears from the order dissolving the injunction that the complainant, although it does not appear that he had notice, appeared by his counsel and contested the case on the demurrer, thus in effect waiving notice, if any was necessary.

The second cause of error complained of is, that upon the demurrer the facts in the bill were admitted and that there were sufficient facts charged in the bill for equitable relief, therefore it was error to dismiss the bill. It seems to me that there is no ground for equitable relief charged in the bill, and that the injunction was therefore improvidently awarded and might have been dissolved on motion without answer, and it cannot be error that it was dissolved on demurrer. *Slack* vs. *Wood*, 9 Grat., 40.

The third cause assigned as error is that, the order of dissolution was erroneous in this, that the court of equity did not, after having taken jurisdiction of the cause, have the trust executed, if, and when it should be proper to do so, under its own supervision and by its own commissioner.

In this case the appellant had executed the deed of trust for the purposes specified in it, with power to the trustee to sell the land, and the facts charged in the bill do not show any reason why a court of equity should interpose for any purpose whatever. If there was any reason why the trustee should be restrained from selling then there might be some reason why the court should have executed the trust by its commissioner or under its order, but not necessarily so. If it was proper for the court to execute the trust in this case, under the facts charged, there could be no case in which it could not be called on to execute the trust.

I think the court below committed no error in dissolving the injunction, and that the order complained of should be affirmed with costs to the appellees, and damages to the appellee Hoover, and that the cause should be remanded to the court below for further proceedings to be had therein, with instructions to dismiss the complainant's bill with costs, if the case appear in the court below substantially as it appears in the record here.

ORDER OF DISSOLUTION CONFIRMED.